## Miller v. Chandler, By et al.

(Decided March 3, 1915.)

### Appeal from Ballard Circuit Court.

1. Explosives—Negligence in Storage or Keeping on Farm.—It is not negligence per se for one to have in his possession on his farm, for a lawful purpose, high explosives; and where he has the same in his possession and temporarily stores them away in an unfrequented place, which he knows is not used for any purpose, and connot be reached except by providing a way to climb up into it, he has exercised ordinary care and there is no liability, even though the place where he has stored them is near the habitation of small children.

2. Explosives—Negligence.—If one has used in the temporary storing of explosives all the precaution which could be reason-

bly expected of a prudent person, even when he knows that children reside and play nearby, there is no liability.

3. Explosives—Negligence.—It was not negligence to store temporarily dynamite and dynamite caps tied up in paper sacks, in the unused loft of a tool house near the residence of a tenant who had small children, which tool house was in a separate enclosure, there being no steps or ladder to go into the unused loft, and no way to get into it except by providing a way to climb.

HENDRICK & NICHOLS for appellant.

EATON & BOYD for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellant is the owner of a farm in Ballard County, and in 1913 G. A. Chandler occupied a house thereon as his tenant.

Under Chandler's contract he occupied the house, garden and lot, together with the right to cultivate certain other lands on the place. About 75 or 80 yards from the house occupied by Chandler there was a small structure called a tool house or crib; this house was outside of the enclosure rented to Chandler, but, either by actual agreement or acquiesence, it was jointly used by both Miller and Chandler, each of them storing their farming implements and tools therein, and at times corn, hay and other feed.

Across the upper rafters in this house some loose plank were laid, which is referred to as the attic or loft, and which the evidence fails to show was put to any use whatever, except sometimes the hens would lay there. There was no stairway or ladder or any other way of getting into this loft or attic, except by climbing onto something, reaching the loose plank, pushing them apart and climbing in between them.

In August, 1913, appellant bought some dynamite and dynamite caps and fuse which he was using on another part of his farm in blowing out stumps; when he had finished for the time being he placed the dynamite in a paper sack, the dynamite caps in a smaller paper sack, tied the smaller sack up and placed it in the larger sack and tied that up, went to the tool house and placed a plow against the wall, climbed up on the plow so he could reach the loose plank, and placed the sack, so tied up, as far back from the hole as his arm could reach.

Chandler had a son, the appellee, Harrison Chandler, then about eight and a half years old, and on Saturday afternoon, August 9th, 1913, while playing around the tool house or crib he went in there, climbed up on a plow or plows, reached a nail which was driven in the wall, and managed to swing himself up into the loft; he found the bundle, untied the strings, put two of the dynamite caps in his pocket and came down. He went out into the road nearby, and having some matches in his pocket, he put one of the caps down, lighted a match and placed it upon the cap, but it failed to explode; he then took up the cap in one hand, lighted a match and held it under the cap, whereupon it immediately exploded and seriously injured his hand.

This is an action by the infant to recover damages for his injury.

Upon the trial the jury returned a verdict in favor of the plaintiff for $1,000, and this appeal results therefrom.

The statement of facts given above is the uncontroverted statement of both appellant and the infant as to the manner in which the accident occurred, and the only question which we deem it necessary to consider is, whether the case should have been submitted to the jury, the appellant having asked for a peremptory instruction at the conclusion of all the evidence.

The having in possession on a farm of explosives for lawful purposes is not *per se* negligence, but the appellee bases the right of recovery herein upon the well-recognized rule that it is negligence to keep explosives and dangerous substances in places where they might be attractive to children.

It is shown by the appellee that appellant knew there were children at the nearby house occupied by Chandler; that he knew that they played in the lot where the crib or tool house was, and it is argued from this that it was negligence for him to place the explosives where he did; but it is not shown that he knew that this loft was used for any purpose or that the children ever went into it. On the contrary, he knew not only that the loft was not in use, but that there was no way to get into it except to climb into it by the aid of something used for that purpose. He was within his rights in having the dynamite on his farm, and we cannot see that he was guilty of any negligence in storing it temporarily in

this unfrequented place. It may well be doubted if there was any place on his whole farm where he could have temporarily stored this explosive where it would have been less liable to be molested by children or others.

The case of Mayfield Water & Light Co., &c. v. Webb's Admr., 121 Ky., 395, was where an eleven-year-old boy climbed a pole or guy wire and came in contact with an electric wire eighteen feet above the ground and was killed, and the court, in holding the company not liable, said:

"Here the wire was 18 feet above the street. It could only be reached by a person climbing the electric light pole or walking up the guy wire of the telephone company. In all the cases where a liability has been imposed for what is known as an attractive nuisance to children, the nuisance has been placed within their reach. We know of no case where this has been applied to things put 18 feet above the ground, which may only be reached by climbing a pole or walking up a wire. Such structures are not an invitation to children to use them."

In this case the appellant took the precaution not only to tie up both the sacks, but to put them out of sight of the children, in a place which he not only knew to be unfrequented, but which he knew could only be reached after some way had been furnished or devised to climb to it.

The case of Ball, by &c., v. Middlesborough T. & L. Co., 24 Rep., 114, was where an infant six years of age climbed into an unoccupied building through a window, and finding a dynamite cap therein, the same was in some way exploded, whereby he was injured. The evidence was that the owner did not know that children frequented the place, and did not know the dynamite caps were there, and it was held that a peremptory instruction was properly given. The court in that case, in referring to the rule laid down in Thompson on Negligence, said:

"The rule adopted by this learned author is that where the owner of the premises creates or brings thereon any dangerous thing, which, from its nature, has a tendency to attract the childish instincts of children to play with it, he is bound, as a matter of social duty, to take such reasonable precautions as the circumstances admit of to protect them from injury while playing with it, or in its vicinity. This rule was adopted by this court in Bransom's Admr. v. Labrot, 81 Ky., 638; but it

cannot apply to this case for the reason that the Lands Company did not place the dynamite in the house, or even know it was there, and the house being locked, and the only way to enter it being through a missing slat six feet from the ground, there seems to be no proof of negligence on its part. The ground of liability in this class of cases is that the defendant failed to exercise such care as might reasonably be expected of a person of ordinary prudence under the circumstances. The appellee, under the proof, exercised ordinary care."

Applying the rule laid down in those cases, appellant in this case certainly exercised ordinary care; he not only tied up the explosives so they would not be attractive to children, but he took rather unusual precaution in placing them where, in all probability, they would not be disturbed. There must be some negligence shown in the storing or keeping of explosives, even where there has been an injury to a child; if one has used all the precaution which could reasonably be expected of a prudent person, even when he knows children reside and play near, there is no liability.

We are of opinion that the motion for a peremptory instruction, at the conclusion of all the evidence, should have prevailed.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.