## Carter Coal Company v. Ella Mae Smith.
## Same v. R. P. Smith.

(Decided February 13, 1917.)

## Appeals from Knox Circuit Court.

1. Negligence—Explosives—Dangerous Things Attractive to Children—Rule as to.—Although the rule is well established in this state, that one who artificially brings or creates upon his premises any dangerous thing, which, from its nature, has a tendency to attract the childish instincts to play with it, is bound, as a matter of social duty, to take such reasonable precautions as the circumstances admit of, to the end that they may be protected from injury while so playing with it, or coming in its vicinity, this duty does not exist, where the owner or occupier of the premises has not created or brought thereon the dangerous thing, and has no knowledge of its presence on his premises.

2. Explosives—When Owner of Premises Under No Duty to Inspect.—The owner of premises, who has no reason for suspecting the presence thereon, of dangerous explosives, such as dynamite caps, is under no duty of inspection, to see that no such dangerous instrumentalities may have been placed thereon.

BLACK, BLACK & OWENS for appellant.

SAWYER A. SMITH for appellees.

Opinion of the Court by Judge Clarke—Reversing.

On the 27th day of September, 1914, Ella Mae Smith, then nine years of age, while playing near the power house of appellant, at Trosper, in Knox county, Kentucky, found two dynamite caps, among some bolts, in an old cupboard that appellant had moved out of the power house and laid upon its back, within about fifteen feet of the power house, and upon the land owned or controlled by it. The little girl, with these dynamite caps in her hand, started toward her home, and, when she had gone about half the distance from the power house to her home, the caps exploded and so injured and

mangled her hand that it had to be amputated at the wrist. To recover for these injuries, she, by her next friend, sued appellant, and recovered a judgment for one thousand dollars, and her father, R. P. Smith, sued for the loss of her services, and recovered a judgment against appellant for eight hundred dollars. From both of these judgments, appellant has appealed, and, by agreement, the cases are heard together.

The evidence in both cases is practically the same, upon the question of the negligence asserted. In both cases, appellant's motion for a peremptory instruction was overruled by the court, and that, in overruling said motions, the court erred, is the chief reliance of appellant for reversals of the judgments. While admitting that where one stores dangerous explosives in places on his premises which he knows are frequented by children, and which explosives, such as dynamite caps, children are apt to handle to their injury, is guilty of such negligence as will render him liable for injuries resulting to the children therefrom, counsel for appellant insist, that appellees failed to show that appellant placed the caps upon its premises, or knew, or, by the exercise of ordinary care, could have known, of the presence of the caps on its premises, and, that appellees also failed to prove, that children were in the habit of frequenting the premises where the caps were found, or that appellant knew or, by the exercise of ordinary care, could have known that children did so frequent its premises.

The place was uninclosed and between the railroad tracks and the path leading from one part of the mining camp to another, and there was ample evidence to carry the case to the jury, upon the question whether or not the place was accessible to and frequented by children, within the knowledge of appellant, since four witnesses testified, that children were in the habit of playing about the power house, where the caps were found, on afternoons after school, and throughout the day, on Saturdays and Sundays, one of whom, an employee of appellant, states that he complained to appellant's superintendent, of the presence of children upon the premises. If appellant was responsible for the presence of the dynamite caps in the place where they were found, upon its premises, there can be no doubt of its liability to this little girl and her father, for the injuries complained of, because, whether children were in the

habit of frequenting the place or not, its accessibility to them was sufficient to render it negligent to place such a dangerous explosive as dynamite caps in an open cupboard.

Upon the other proposition, that the evidence does not show that appellant placed the caps in the cupboard, or knew of their presence there, appellant's contention is sustained. Not only did appellees fail to prove that the dynamite caps were placed in the cupboard by appellant, or that appellant knew of their presence there, but there is absolutely no evidence from which such an inference is deducible. The evidence for appellant is conclusive, that it did not put the caps in the cupboard where they were found; that the cupboard was never used for such purpose; that no dynamite had been used or needed about the power house, and that appellant had no knowledge whatever of, or reason to suspect, the presence of the dynamite caps on or about these premises. No witness testified ever to have seen any such caps on or about the premises, at any time before the accident occurred, and only one witness states that he ever saw or knew of dynamite caps being upon the premises, C. B. Hobbs having stated, that, upon the next day after the accident, he found twelve or fifteen such caps in and about the cupboard, on appellant's premises.

Unless appellant is liable, simply because the caps were upon its premises, without regard by whom they were placed there, or whether appellant knew of their presence, appellees have clearly failed to make out a case. It would seem, certainly, to be carrying the doctrine to an unusual and unwarranted length, to hold that the owner is under a duty of inspection, to avoid the possibility of the presence of dangerous explosives on his premises. We know of no case so holding, and are quite confident there is none such. The rule of law applicable is thus stated in section 1004 of Thompson on Negligence:

"The owners and occupiers of real property are held by the law in some respects to a different standard of liability in case of injuries to *children* coming upon their premises, from that under which they stand with respect to adult persons. . . . . The owner or occupier of real property stands under the same duty toward children who are expressly or impliedly *invited* to come upon its premises, in respect of keeping such

premises safe to the end that they will not be injured in so coming, under which he stands toward adult persons, a subject already considered. As a general rule, he is not bound to keep his premises safe, or in any particular condition for the benefit of *trespassing children* of his neighbors, or for the benefit of children who occupy no more favorable position than that of bare licensees.

"A well grounded *exception* to the foregoing principles is that one who artificially brings or creates upon his premises any dangerous thing which from its nature has a tendency to *attract the childish instincts of children* to play with it, is bound, as a mere matter of social duty, to take such reasonable precautions as the circumstances admit of, to the end that they may be protected from injury while so playing with it, or coming in its vicinity." As above stated, the rule has been approved by this court, in many cases, among which are the following: Bransom's Admr. v. Labrot, 81 Ky. 638; C., N. O. & T. P. Ry. Co. v. Padgett, 158 Ky. 301; C., N. O. & T. P. Ry. Co. v. Padgett, 163 Ky. 284; Myer v. Union L. H. & P. Co., 151 Ky. 332; Miller v. Chandler, 163 Ky. 301, S. C. 168, Ky. 606; Ball v. Middlesboro T. & L. Co., 24 Ky. Law Rep. 114; Brown v. C. & O. Ry. Co., 135 Ky. 798; Lyttle, Admr. v. Harlan Town Coal Co., 167 Ky. 345.

It will be noticed that, in Mr. Thompson's statement of the rule, the owner of the premises is liable, when he "creates or brings thereon" any dangerous thing, etc.; that is, to fix liability, there must be some evidence that the owner is responsible for the dangerous condition of his premises. In Ball v. Middlesboro T. & L. Co., *supra,* a peremptory instruction to find for the defendant was approved, because of the failure to prove that the defendant knew that the dynamite caps were there. So far as the evidence for appellee is concerned, the dynamite caps found by the little girl in the cupboard may have been placed there at any time before the accident, and by anyone. There is no more evidence of appellant's responsibility for the dynamite caps upon the premises than that they may have been placed there by someone else. It would not be contended, surely, that if these caps were thrown upon the premises of appellant, without its knowledge, appellant would be responsible for such an accident as the one involved here. If, under the evidence here, the appellant is responsible, then the owners of all premises, not under lock and key,

must, at all times, if they would escape liability, maintain a strict and rigid inspection to see that no explosives, or other dangerous instrumentalities, have been placed upon their premises. Such an obligation would be utterly unreasonable and render the ownership or occupancy of all property extremely hazardous. We are, therefore, of the opinion that there was no evidence of negligence upon the part of appellant, in connection with the distressing accident to the little girl, and that its motion for a peremptory instruction should have been sustained.

For the reason indicated, the judgment in each of the cases is reversed and cause remanded for proceedings consistent herewith.