## Dominion Construction Company v. J. Williamson.

## Dominion Construction Company v. J. D. Williamson's Administrator.

(Decided December 7, 1926.)

Appeals from McCracken Circuit Court.

1. Negligence—Mere Allegation of Attractive Nuisance Held Not to State Cause of Action for Death of Child on Railroad Car.—Mere allegation, in complaints in action for killing of infant by construction company, that child, attracted by train, entered car and was killed, held not to state cause of action: there being no averment that deceased or other children customarily played around train or that deceased or other children were seen on tracks immediately before accident by train crew.

2. Negligence—Owner Failing to Safeguard Attractive Nuisance is Liable for Child's Injuries.—If one constructs or keeps on premises thing calculated to attract children to extent that they will examine and play around it, he must exercise ordinary care to render thing so kept harmless to children; owner being liable in damages upon injury to infant after failure to protect.

3. Railroads—Peremptory Instruction for Defendant on Issue of Negligence as to Child Killed by Train Held Improperly Refused.— There being no evidence, in action for wrongful killing of child by train, showing that company had violated duty owed deceased or any child or had been guilty of culpable negligence, peremptory instruction requested by defendant held improperly refused.

C. C. GRASSHAM for appellant.

HENRY F. TURNER and N. W. UTLEY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

These two actions against the Dominion Construction Company were instituted in the McCracken circuit court by J. D. Williamson, one as administrator and the other as father of J. D. Williamson, an infant, who was killed by a work train when he was about eight years of age. The two actions were heard and tried together before the same jury, separate verdicts rendered and separate judgments entered, one for $2,000.00 and the other for $3,000.00, and the construction company appeals.

Appellant company is a railroad constructor and at the time of the accident was engaged by the Illinois Central Railroad to build a short piece of grade at Maxon, in McCracken county. In doing this work it employed an engine and train of dump cars for hauling dirt and stone. The construction work was near the depot and not far from the residence of the depot agent, in whose yard and lawn the children of the nighborhood gathered to play. The deceased was generally with them. On Saturday the construction company placed its engine and train of cars on that part of the new track not far from the playgrounds of the children, and it stood there motionless until the following Monday at about eight o'clock, when employes of appellant company undertook to hitch an engine to some of the dump cars and pull them away, intending to leave the balance of the train in position. However, when the cut of cars was pulled away

the balance of the train which was on a slope rolled down a distance of about twenty feet, stopping with a sudden jerk. The deceased, a mere child, with another boy had climbed into some of the dump cars of the standing train, some distance from the point where the train was cut in two, before the engine was hitched to it. When the cars began to roll down the slope the boys undertook to jump out, and one got off without injury to himself, but young Williamson ran towards the rear end of the car and, when the train stopped suddenly, was thrown out of the car on to the track between the cars, which ran over and killed him. These actions were instituted upon the theory that the dump cars and train were an attractive nuisance, calculated to induce any child like deceased to climb on to them, and it was the duty of the railroad company to exercise ordinary care to protect children from the dangers incident to their presence upon the train. In the petitions it was, in substance, alleged that the deceased, "following his childish impulses and inclinations, playing along the roadway with the children of the Illinois Central Railroad Company's agent, and others of the neighborhood, all of tender years, and coming near said train of cars, was by his innocent curiosity attracted to them, as they lay silent and motionless where they had been since the preceding Saturday, and following his natural bent, entered into one of the cars lying nearest to the road along which he had been passing."

It is the contention of appellant company that the petitions do not state a cause of action, and this contention seems well taken. There is no averment that the deceased or other children had been playing upon or about the train or upon or about the tracks of the railroad at any time before the accident which brought about his death, and there is no averment or claim that the deceased, or other child, was seen on the train or tracks immediately before the accident or at the time of the accident by any one of the train crew or any one in charge of the construction company's work; neither does the evidence show these facts, but, on the contrary, shows that the deceased had not been seen upon the train or tracks before that time and was not seen on or about the train or tracks that day by any one connected with the construction company. The evidence, however, does show that the trainmen carefully looked to see whether

there was any one on the train before pulling the cut of cars away and allowing the balance of the train to roll down, but did not see any one and did not know of the presence of children about the train there, or of their habits to play thereon. The evidence also shows that only a short time before the accident the deceased with other boys was over near the depot, some distance from the train and track upon which the latter met his death, and that the boys all started up the hill to the home of the depot agent and some of them went directly there, while deceased and another small boy turned off and went to this train unobserved by anyone so far as the record shows, until the boys had climbed upon the train and the train had started to roll down the hill, and was then seen by another small boy who had been playing with deceased only a short time before. The evidence also shows that as soon as the presence of the children on or about the train was discerned by those in charge of it, the train was brought to a full stop, but not in time to save the life of young Williamson.

It is hard to say just what constitutes an attractive nuisance, but we have held in a recent case that a standing box car on a railroad track is not an attractive nuisance. Smith v. Hines, Director General, 212 Ky. 30.

The turntable doctrine and the attractive nuisance doctrine are the same. If one constructs and keeps upon his premises a thing in its nature calculated to attract the attention and excite the curiosity of children to such an extent as to cause them to go to it and examine it or play around it, he must exercise ordinary care, the facts and circumstances considered, to render the thing so kept harmless to children, or to prevent children going to or playing around the instrumentality, and if he fails to do so and a child of immature age is attracted to the thing and while playing around or examining it, is injured, the owner and controller is liable in damages therefor. Brown v. C. & O. Railway Co., 135 Ky. 798. If a man has on his premises something that can be operated by a child of tender years, and made dangerous by him, and which is alluring to him, attractive to him, and calculated to induce him to use it, that man who has that thing on his premises owes it to the child, as a matter of common humanity, to protect that thing so that a child of tender age can not be hurt by it. That is called the

"turntable doctrine." Barnhill's Admr. v. Mt. Morgan Coal Co., 215 Fed. 610.

The train in question had been standing on the track motionless from Saturday until Monday when the accident happened. No child had been seen on or about the track during all that time. Indeed, no children had been seen about the train or track at that point at any time, and there was no reason alleged or shown in the evidence why the construction company should have anticipated that a child or children would be on or about the train or tracks at the time the train was uncoupled and the cars moved down the grade and injuring and killing Williamson, except that the playgrounds were not far away. This being true, the trial court should have sustained the general demurrer to each of the petitions, with leave to amend. So also should the court have sustained the motion for peremptory instruction made by appellant at the close of the evidence in each of the cases, because the evidence did not show that the construction company had violated any duty it owed to the deceased or to any child, or had been guilty of culpable negligence. According to the evidence the construction company exercised every reasonable care in the movement of the dump cars. Those in charge of the train had no reason to expect that children were playing or hiding in or about the cars, for they had seen no children there nor had there been any children on or about the cars or tracks at that point at any time, so far as the record shows.

Some other complaints are made by appellant with respect to the trial, but none of them are likely to occur on another trial, if one there should be.

For the substantial reasons above stated the judgment in each case is reversed for new trial not inconsistent herewith. If the evidence upon another trial should be in substance the same as upon the last trial the court will instruct the jury to find and return a verdict for appellant company.

Judgment reversed.