# Jones Savage Lumber Company v. Thompson.

(Decided February 25, 1930.)

200

GEORGE W. VAUGHN and L. L. WALKER for appellant.

J. E. ROBINSON and H. CLAY KOFFMAN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant, Jones Savage Lumber Company, is a corporation with its chief office at Wilmore in Jessamine county, Ky. It made a contract with the Garrard county board of education in 1927, whereby it undertook to build an addition to the consolidated school building in the Buena Vista consolidated school district in Garrard county. The contract called for the excavation of a basement and the erection of a two-story building. The contract also provided for the digging of a cistern to be used by the school. The use of dynamite was necessary in the excavation of the basement and in the digging of the cistern. Appellant furnished the dynamite and dynamite caps. The digging of the cistern was sublet by appellant, but it furnished the material to be used in that work including dynamite and dynamite caps. The dynamite caps were in the basement of the building under construction, and after school commenced a boy, Cecil Thompson, eight years old, with other children, went into the basement and there found the dynamite caps. They were bright and shiny, thus attracting the attention of the children who put some of them in their pockets and carried them away. When Cecil Thompson reached home that afternoon he, in company with a small brother, placed the dynamite cap upon a rock and struck it with another rock causing it to explode, thereby burning and injuring his face and destroying the sight of one of his eyes.

His father, suing as next friend, instituted suit against appellant, basing his cause of action on the alleged ground that appellant, through its agents and employees, carelessly and negligently placed and stored the dynamite caps in the basement where the children

could easily obtain possession of them. It is alleged that appellant knew that the caps had been so left in the basement, or by the exercise of ordinary care, could have known that they were so exposed, and that children might come in contact with them because of their attractive appearance.

Appellant, in its answer, denied that it was engaged in working on the building under the terms of the contract at the time Cecil Thompson obtained the dynamite caps. It denied that it knew the caps were in the basement, or that it could have known that fact by the exercise of ordinary care. In another paragraph it defended on the ground that at the time the Thompson child obtained possession of the cap the digging of the cistern was the only work that had been recently in progress, and that it sublet the contract to dig and build the cistern to Ben Upton and E. Harrison, and that they were independent contractors, and that the dynamite caps which injured Cecil Thompson were in the possession of Ben Upton and E. Harrison and under their control at the time of the injury.

As a further defense appellant alleged in its answer that the school board of Garrard county agreed with it that school should not be opened in the district until September 19, 1927, and that this date was agreed upon, so that it and the subcontractors would have ample time to complete the work on the building and cistern, but without the knowledge or consent of appellant, so it was alleged, the school was opened at an earlier date. The answer, as it appears in the record, alleged that the school began on the 19th, but evidently that is a typographical error, as the school actually commenced on September 11th.

Another defense interposed by the answer was that Cecil Thompson had been forbidden by the teacher and by the rules of the school to enter the basement, and that he violated these instructions and that he, therefore, became a trespasser and was not entitled to recover.

In another paragraph appellant relied on the defense of contributory negligence. The facts in the case need little elaboration. The case was tried in the lower court on the theory that Upton and Harrison were independent contractors. While appellant argues the question in its brief at considerable length, we hardly

see how its argument, as sound as it may be, will help it any. If the trial court had tried the case upon the theory that Upton and Harrison were not independent contractors, the able argument presented on that point would be sufficient to convince us that the trial court was in error. But as the trial court held in accordance with the contention of appellant on this point, there is no reason to go further into the matter. Under the authority of Raponi v. Consolidation Coal Co., 224 Ky. 167, 5 S. W. (2d) 1043, and Wright et al. v. Wilkins, 222 Ky. 144, 300 S. W. 342, we are not left in doubt as to the status of Upton and Harrison. Under the proof presented they were independent contractors. The two cases cited contain a reference to the many other cases written by this court on the same question.

It is contended by appellant that it cannot be held liable in damages for the injury to the boy, unless the evidence disclosed that the dynamite caps were either placed where the children were in the habit of congregating by appellant, or its servants or agents, or that appellant, by the exercise of reasonable care, should have known they were so placed. The rule seems to be as contended for by appellant. Sparks v. Maeschal, 217 Ky. 235, 289 S. W. 308; Carter Coal Co. v. Smith, 173 Ky. 843, 191 S. W. 631; C. & O. Railway Co. v. Rogers, 193 Ky. 571, 237 S. W. 18; Ball v. Middlesborough Town & Lands Co., 68 S. W. 6, 24 Ky. Law Rep. 114, 36 A. L. R. 134.

It is insisted that the evidence completely fails to show that appellant either placed the dynamite caps in the basement or knew, or could have known, by the exercise of ordinary care, that the caps were there. The evidence on this point was sufficient to take the case to the jury. It is true that Upton testified that he did not know who placed the dynamite caps in the basement, but he was certain that he did not. He had made the contract to excavate the cistern and had later taken Harrison in as a partner. Dynamite had been used in the excavation of the basement. When he was ready to use dynamite caps in the excavation work on the cistern, he was told, so he testified, by either one or the other of those who had been in charge of the work for appellant, that the caps were in the basement. He found them there and procured such number as he needed. Appellant had been in control of the basement and had not cleaned it out

after the work was completed. Circumstances may be considered by a jury in arriving at a question of fact. The caps were in the basement, and the subcontractors, according to the testimony, did not place them there, and no one had been in charge of the basement other than appellant up to that time. It is true that appellant offered testimony to the effect that it delivered the caps to Upton outside of the building, and that it did not know what he did with them. Going no further into the evidence the facts and circumstances placed before the jury were such as to raise an issue for its determination as to whether the caps were placed in the basement and left there by appellant.

If one keeps upon his premises that which, in its very nature, is calculated to attract the attention and excite the curiosity of children to such an extent as to draw them to the object of their curiosity and bring them in peril, if the thing be dangerous, it is generally termed an attractive nuisance. No owner or occupant of property can escape liability for an injury caused to a child by reason of an attractive nuisance allowed on his property, unless he can show that he exercised ordinary care under the facts and circumstances to render the thing constituting the nuisance harmless to children, or to prevent their going to, or playing around, the object. These general principles are approved in the case of Dominion Construction Co. v. Williamson, 217 Ky. 62, 288 S. W. 1018. The general principles underlying all such causes of action are discussed with clarity in the case of L. & N. R. Co. v. Hutton, 220 Ky. 277, 295 S. W. 175, 53 A. L. R. 1328. The case is fully and completely annotated in 53 A. L. R. beginning on page 1344.

Appellant insists that Cecil Thompson was a trespasser when he went into the basement of the building, and that he should not be permitted to recover for that reason. The proof showed that, during the school session the year before, the teachers had instructed the children to keep out of the basement. Probably the testimony is sufficient to authorize the inference that the same rule was promulgated at the beginning of the term a few days before the caps were discovered in the basement, but it is wholly immaterial whether such rules were given. Cecil Thompson was eight years old, and he and some of his small school fellows had been sent to gather up bottles, paper, and other refuse around the new building. They went into the basement and there found the

dynamite caps. Under such circumstances an eight year old is not a trespasser to such an extent as to deprive him of the right of recovery, if he comes in contact with an attractive nuisance while he is trespassing, which nuisance could have been prevented by the exercise of ordinary care on the part of the owner or occupant of the premises. The definition of an attractive nuisance clearly indicates that its danger consists in its inducement to cause children to trespass for the purposes of examining it.

It is stated in brief for appellant that the leaving of the dynamite caps in the basement was not the proximate cause of the injury to the child. If the caps were negligently left in the basement where they were accessable to children, and the child procured one of them, which he carried home with him, and thereafter exploded it, the negligence in the creation of the nuisance, if there was any such negligence, was the motivating cause of the injury.

We find much complaint about the instructions in the brief for appellant. The first attack is on instruction No. 2, in that it embodied the idea that appellant was responsible for the existence of the nuisance, if Upton and Harrison, the independent contractors, had turned back to appellant the possession of the dynamite caps. The point is not well taken. The tools and equipment used by Upton and Harrison were furnished by appellant, and their work had been completed, or at least there is such an inference, at the time the children discovered the caps. It is a proper inference from the evidence that, when they completed the digging of the cistern, that which had been furnished them for that purpose would be left on the premises still under the control of appellant.

The next attack on the instructions is directed at No. 3. It is argued that the instruction allowed recovery for physical or mental suffering when no such recovery was sought in the petition. In that contention counsel are in error. The petition contains the allegation that the injury received by the child as the result of the explosion caused him to suffer great mental and physical pain. But it is argued that there is no prayer for special damages in the petition. The body of the petition is specific as to the character and amount of damages sought, and the prayer is for a judgment for the full amount claimed, which is all that is necessary.

The third attack on the instructions, that the measure of damages is not correctly stated, must be sustained. The instructions were prepared with painstaking care, and the issues to be determined by the jury were submitted with admirable precision. But through an inadvertence the third instruction contains the error complained of by appellant. That instruction allows the jury to find such a sum in damages as would fairly and reasonably compensate Cecil Thompson for any physical or mental suffering he had suffered, if any, "and for any permanent impairment or injury, if any, caused to him by the explosion of the dynamite caps."

Where there is a permanent injury, the measure of damages is the permanent impairment of the power to earn money. It is obvious that through an inadvertence the court omitted after the words "permanent impairment" the phrase "of his power to earn money." These words should have been substituted for the words "or injury." But if they had followed the word "injury," the measure of damages would have been correctly stated. Because of this error in instruction No. 3 the judgment must be reversed.

Some complaint is made about the admission of evidence as to the condition of the basement on the day following the accident. This evidence was to the effect that dynamite caps were in the basement at this time. There was no dispute about the place where the caps were found by the children. They were in the basement at the time. The evidence, therefore, was not material. On another trial the court will not allow evidence as to the condition of the basement on the next day, unless it is first shown that it is in the same condition that it was when the children found the caps. It was proper to show by the evidence that appellant had the basement cleaned out the next day, as the evidence tended to show that it was in the possession of the basement at the time the caps were obtained.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.