### BATES et al. v. CAUDILL et al.

Court of Appeals of Kentucky.
Jan. 23, 1953.

Rehearing Denied March 20, 1953.

Howard & Combs, Prestonsburg, for appellants.

Joe Hobson, Prestonsburg, for appellees.

CLAY, Commissioner.

One child was killed and two others were injured by the explosion of a dynamite cap. Damages were recovered on their behalf, and defendants appeal on the ground that they were entitled to a directed verdict.

Defendants leased a small supply house which they had used in connection with a coal mining operation. It was near the home of the injured children. The mine had been closed down, and the building was used for the storage of materials and supplies. The door was securely locked.

At one end of the building was a small window about 18 inches square and 4 feet above the ground. It had been boarded up. Apparently someone, at least three weeks before the accident, had torn off a board of the building below the window. At this end of the building there was a sand pile which had been used in the mining operation, and children in the neighborhood customarily played in the sand pile.

On the day of the accident Bobbie Caudill, 10 years of age, crawled in the supply house through the opening below the window. Inside he found a box of dynamite caps. He took the lid off the box and threw some of the caps out to his younger brothers. The caps were taken home by the children and when Elmer Caudill, age 8, drove a nail into one of them it exploded, causing the injuries.

The defendants contend they were entitled to a directed verdict on two grounds. The first is that there was no proof that they had placed the dynamite caps in the supply house or knew of their presence there. They testified to that effect. The evidence indicates that someone at an earlier date may have broken into the building and could possibly have left the dynamite caps. However, since the supply house was in the exclusive possession of defendants; since there were mining supplies in it which would ordinarily include dynamite caps; and since the caps actually were in the building, the circumstances were sufficient to raise an issue for the jury as to whether or not the defendants had or should have had knowledge of their presence there. See Jones Savage Lumber Company v. Thompson, 233 Ky. 198, 25 S.W.2d 373.

The second and more significant question is whether or not the facts were sufficient to support a finding that defendants were negligent under the "attractive nuisance" doctrine. The principal cases relied upon by them are Miller v. Chandler, 163 Ky. 301, 173 S.W. 779, and McMillin's Adminis-

trator v. Bourbon Stock Yards Company, 179 Ky. 140, 200 S.W. 328, L.R.A.1918C, 682.

In the first of these cases a child found some dynamite caps in defendant's tool house. They were in a bag which had been placed on rafters in the loft. It was necessary for the child to climb up to reach them. While it was shown that children customarily played in a lot nearby, it was held the defendant had used all of the precaution which could reasonably be expected, and he was entitled to a directed verdict. In the second case a child had fallen into a tank of cattle dip on defendant's farm. It was held the defendant was not under a duty to keep his premises securely locked up, nor to build fences so high they could not be climbed, nor to have servants continuously on the lookout for trespassing children, and a directed verdict should have been given.

The case principally relied upon by the plaintiffs is Jones Savage Lumber Company v. Thompson, 233 Ky. 198, 25 S.W.2d 373. In that case children found dynamite caps in the basement of a school building which was being constructed. This Court decided the children were not trespassers to such an extent as to deprive them of the right of recovery if the defendant maintained a nuisance which was attractive to children and could have been prevented by the exercise of ordinary care. In that case the basement was open and easily accessible, and this fact was known to defendant.

The plaintiffs attempt to distinguish the Miller case (Miller v. Chandler, 163 Ky. 301, 173 S.W. 779), on the ground that there the child had to climb up to procure the dynamite caps; whereas, in the present case Bobbie Caudill did not have to climb at all because the opening was close to the ground. The issue does not seem to be how much climbing the infant must do, but whether or not the one in control of premises must anticipate that children may gain access to the dangerous instrumentality in an unauthorized and unusual way.

Our present problem narrows to the duty of the possessor of a building to guard against prior trespassers who create the attractive nuisance, assuming one to exist. If the door to the supply house had been left open by defendants, doubtless the issue of negligence should go to the jury. However, the door was locked. The only other opening in the building had been securely boarded up. Is the owner or lessee under a further duty to inspect the premises continuously to discover whether or not a trespasser has forcibly created another entrance into the building?

The basis of liability under the "attractive nuisance" doctrine is that the possessor of premises has created or maintained a dangerous condition which is exposed so that it is readily accessible and attractive to children. The instructions in this case recognized that principle. However, not only must such exposed condition exist, but it must be "one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children". Restatement, Torts, Section 339(b).

Assuming the dynamite caps were exposed or readily accessible, about which there is considerable doubt, there is a complete lack of evidence to establish that defendants knew of this condition. To surmise they should have known of it would impose on them a duty to inspect their building from time to time to discover if other trespassers had so tampered with it as to open an entrance which might induce children to further trespass. We know of no such duty, nor can we say defendants might reasonably have foreseen this series of remotely related events which culminated in the final accident. In the absence of such duty to discover or foresee, they committed no act of negligence. This was a tragic and unfortunate accident, but the jury could not justifiably find it was caused by defendants. A verdict should have been directed in their favor.

The judgment is reversed.

COMBS, J., not sitting.