CASE 19. — PROCEEDINGS BY THE COMMONWEALTH AGAINST JOSEPH REDMAN TO REVOKE A LIQUOR LICENSE.—October 6.

## Commonwealth v. Redman.

Appeal from Jefferson Circuit Court, Criminal Branch.

JOSEPH PRYOR, Judge.

From a judgment of the circuit court reversing the judgment of the county court revoking the license, the Commonwealth appeals. Reversed.

1. Liquor License—Notice of Application for—Power of County Court to Revoke License—If the notice required by the statute upon application for a liquor license was not given, the county court was without power to grant it, and having granted the license, it had the power to revoke it.

2. Same—The notice herein not having been posted properly and being a sham, intended to defeat the purposes of the statute, the county court, upon proof of this, properly revoked the license it had granted.

CHANLDER & NORMAN for appellant.

Commonwealth v. Redman.

1. Redman failed, ignorantly or fraudulently, to post notices according to law, and, therefore, "illegally obtained" a license.

2. He was not at the time of application, or at the time of notice or rule, equipped to run a lawful tavern.

3. Judge Gregory, who granted the license, is the best judge as to whether or not it should be cancelled.

4. The facts that the tavern was not "necessary for the accommodation of the public," and that Redman did not "run, or intend to run, a lawful tavern," are clearly proven in this case, and, therefore, Redman "illegally obtained a license," which was lawfully cancelled by Judge Gregory.

5. Judge Pryor had no right to reverse Judge Gregory unless the latter grossly abused his discretion.

6. To allow Redman to run this tavern in a community violently opposed to it would be a serious blow to the law-abiding people as well as to the peace and morals of the community.

7. We ask the court to consider the fact that Redman confessed that he continually sold liquor on Sunday, which clearly violated sec. 4204, Ky. Stats.

8. Proof also shows that Redman sold liquor to a minor, and that the people of the neighborhood were greeted with cursing and swearing as they passed to and from church on Sunday, said swearing taking place under Redman's shed, which extends into the public road.

### AUTHORITIES CITED.

Ky. Stats., secs. 4203, 4204, 4206, 4207, 4208, 4211; Gayle v. Owen County, 83 Ky., 61; Koch v. Thompson, 98 Ky., 400.

FORCHT & FIELD for appellee.

1. It is a well-settled principle of law that a proceeding in the nature of a criminal proceeding, whether by indictment or information, the indictment or information shall contain a statement of the acts constituting the offense in ordinary and concise language, and the accused has a right to look to the same to ascertain what the facts are, to which he is to answer. (Sec. 929, Robertson's Crim. Law and Procedure; sec. 129, Hockheimer's Law of Crimes and Criminal Procedure; secs. 147 and 712, Bishop's New Criminal Procedure.)

2. We submit that under the notice given to appellee by the county attorney of the motion to revoke his license the only inquiries the court could investigate are: (1) Whether the appellee was properly equipped to keep a tavern as required by law, and (2) whether he had unduly obtained a license to retail

liquors in his tavern, or, in other words, that a fraud had been practiced on the county court in obtaining the license.

3. Upon these issues we contend that, under the proof, there is no reason or justification, either in law or fact, for the revocation of appellee's license.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

Appellee, Redman, on March 31, 1905, was granted a license by the Jefferson County Court to keep a tavern at Taylor Boulevard and New Pleasant Ridge Roads, in Jefferson county, with the privilege of selling spirituous, vinous and malt liquors. On April 25th the county attorney served notice on Redman that at the next term of court, commencing not less than five days after the service of the notice, he would move the court to revoke the license, on the ground that Redman was not properly equipped to keep a tavern as required by law and that he had illegally obtained the license. The motion was entered, the parties appeared, and considerable testimony was heard on both sides. The county court upon the evidence revoked the license, and the defendant appealed to the circuit court. In that court the judgment of the county court was reversed, and the Commonwealth has appealed to this court.

The proceedings were under the following provisions of the statutes: ''All licenses mentioned in this article except licenses to sell by retail spirituous, vinous or malt liquors, shall be granted by the county clerk; and license to sell by retail spirituous, vinous or malt liquors shall be granted by the county court; but the county court shall not grant a license to sell spirituous, vinous or malt liquors until ten days' notice shall be given by posting a written or printed notice at the door of the courthouse, and at least at four public places in the neighborhood where the liquor is to be sold; and if the majority of the legal

Commonwealth v. Redman.

voters in the neighborhood shall protest against the application it shall be refused. The county court in each instance shall determine what constitutes the neighborhood. Nor shall such license be granted to any person of bad character, or who does not keep an orderly, law-abiding house." (Ky. Stats. 1903, sec. 4203.)

"License to keep a tavern outside of an incorporated city or town shall be granted only to persons who are prepared with houses, bedding, stabling and provender sufficient to accommodate the public, and shall not be granted to any one unless the keeping of a tavern at the place proposed is necessary for the accommodation of the public, nor until the applicant shall take an oath, in open court, that he in good faith intends to keep a tavern for the accommodation of the public." (Ky. Stats. 1903, sec. 4206.)

"Any tavern-keeper who shall violate the provisions of his bond, or any tavern-keeper, merchant, distiller or druggist who shall violate any provision of this article, shall forfeit his license; and when the county attorney shall have reasonable grounds to believe either upon his own knowledge or from the oath of two credible witnesses of such violation, he shall notify the alleged offender to appear before the next term of the county court, commencing not later than five days after the services of the notice to show cause why his license should not be cancelled. On the trial of the case, the court shall enter an order cancelling the license or acquit the defendant, as the proof may authorize." (Ky. Stats. 1903, sec. 4208.)

We deem it necessary to consider only one of the questions discussed by counsel, and that is the question of notice. It will be observed that the statute

vol. 121—11

requires that license shall not be granted until ten days' notice shall be given by posting a written or printed notice at the door of the courthouse and at least four public places in the neighborhood where the liquor is to be sold, and if the majority of the legal voters in the neighborhood shall protest against the application it shall be refused. The purpose of the statutory provision is that the license shall not be granted in any neighborhood contrary to the wishes of the majority of the legal voters, and to give them an opportunity to protest against the granting of the license the ten days' notice is required to be given. The notice lies at the base of the proceeding. If the notice was not given, the county court was without authority to grant the license, and, if it did grant the license, it had authority to revoke it when it was shown that the proper notice had not been given. Otherwise the applicant could defeat the purpose of the statute, and, when he had once gotten the license without notice, could continue to sell contrary to the wishes of the majority of the legal voters of the neighborhood, although by failing to give the proper notice he had prevented them from protesting.

On the question of notice, the proof for the Commonwealth by a number of citizens of the neighborhood was that they were opposed to the granting of a license to sell liquor at that point, and had defeated other applications; that they had understood that Redman was going to apply for license, and were looking out for the notices that they might oppose the application, but saw none, and had no notice of the application until the license was granted. On the other hand, Redman testified that he posted four notices ten days before the application at public places in the neighborhood. He said that he hung

Commonwealth v. Redman.

one on a tack on the front of his house, and also put up one with one tack on a tree on the opposite side of the road; that he put up two others about 300 or 400 yards away on telegraph poles, one north and the other south of the house. These last two notices seem to have been put up in the same way, and they were shown to have remained up for some time; but no witness in the case ever saw afterwards the notice that was hung on a tack on the front of the house, or the notice which was put up with one tack on the tree on the side of the road. The proof by Redman also shows that he went out after dark and put up the notices. His conduct shows that he understood that his application would be resisted, and that he was trying to put up notices that would not give notice. In order to comply with the statute the notice must be substantially posted; that is, it must be posted as other notices of like character are usually posted. It must be tacked up securely. It must be posted in good faith, and at four public places in the neighborhood. In the case at bar the posting of the notices was a sham, intended to defeat the purposes of the statute, and the county court properly revoked the license.

Judgment reversed and cause remanded for a judgment as herein indicated.