## Ford Lumber & Manufacturing Company  v.  Burt & Brabb Lumber Company.

(Decided March 5, 1914.)

### Appeal from Clark Circuit Court.

1 Judgment—Pleading—Objection to.—A judgment sustaining the defendant's demurrer to the plaintiff's petition and dismissing it, is not void where the record shows that the defendant had filed no demurrer to the petition as it must be assumed that the defendant made the objection orally, or that the court itself raised the objection.

2. Trover and Conversion—Timber.—In an action for the conversion of trees, the value of the trees so converted should be

stated in the petition, but where their size and quality are given it will be assumed they were of some value.

N. J. WELLER for appellant.

METCALF & JEFFRIES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

The Ford Lumber and Manufacturing Company brought this suit against the Burt and Brabb Lumber Company on August 25, 1903. On September 28, 1903, the defendant moved the court to strike from the petition certain allegations contained in it. The case was set for trial at that term but was continued generally. Similar orders were made until September 29, 1911, when this order was entered:

"The court being advised upon the defendants demurrer to the plaintiff's petition, it is ordered that said demurrer be, and it is sustained. The plaintiff having announced that it did not desire to plead further and failing so to do it is ordered that its petition be, and it is hereby dismissed, and it is adjudged that the defendants, Burt and Brabb Lumber Company, recover of the plaintiff, Ford Lumber and Manufacturing Company, its costs herein expended."

On July 11, 1913, the appeal before us was sued out by the plaintiff before the clerk of this court. It is insisted for the defendant that it had filed no demurrer to the plaintiff's petition; that the above judgment is for that reason void, and no appeal can be prosecuted from it until a motion had been made in the circuit court to set it aside. But we can not concur in this view. In Miles v. Collins, 1 Met., 308, there was simply an entry on the record that the defendant demurred to the whole case. The judgment was sustained, the court saying that this was not a very artificial but was certainly quite a significant mode of statement of what the party did. The order here shows that the court considered the defendant's demurrer to the plaintiff's petition and that the demurrer having been sustained, the plaintiff announced that it declined to plead further. We must presume upon this record that the defendant demurred to the petition, but did not file a demurrer in writing and that the court acted on the demurrer overlooking the fact that it had

not reen reduced to writing and filed.   In American Wire
Nail Co. v. Bayless, 91 Ky., 103, it was held that al-
though one of the defendants did not demur and the
court when the case was submitted *sua ponte* raised a
demurrer to the pleading and dismissed it on the ground
that it did not state sufficient facts, the judgment was
valid and was affirmed.

This brings us to the merits of the case.   The peti-
tion sufficiently avers that the plaintiff was the owner
of certain trees and that the defendant wilfully cut and
converted them to its own use to the plaintiff's dam-
age in the sum of $8,000, the defendant well knowing at
the time of the wrongful conversion that the trees were
the property of the plaintiff.   The action is not for tres-
pass as it is not averred that plaintiff was in possession
of the trees.   The action is for conversion of the trees and
their value should have been alleged.   But while the pe-
tition does not aver the value of the trees, it describes
them, giving their size, qualities, etc.   From the facts
stated it must be presumed they were of some value; the
plaintiff was at least entitled to some damages, and puni-
tive damages may be allowed on the facts stated in the
petition.   The petition was sufficient on demurrer; the
demurrer to it should have been overruled.

We do not pass on the motion to strike from the pe-
tition, as that motion has not been acted upon in the cir-
cuit court.

Judgment reversed and cause remanded for further
proceedings consistent herewith.