## Carter Coal Company v. Bays.

(Decided January 24, 1919.)

### Appeal from Knox Circuit Court.

1. Appeal and Error—Pleading.—Where after a judgment it is manifest the trial proceeded as if certain pleadings were filed and instructions given accordingly, this case on appeal will be treated to all intents and purposes as if said pleadings were actually filed.

2. Appeal and Error—Instructions—Plea of Contributory Negligence.—From the instructions given it is evident the court treated an

answer as filed. The answer contained a plea of contributory negligence. This plea should have been covered in the instructions given, the case having been treated as if the answer was filed, and it was error to refuse a tendered instruction on contributory negligence.

BLACK & OWENS for appellant.

J. D. TUGGLE and J. B. CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

The record in this case is unique. Appellee (plaintiff below) recovered judgment in the sum of $700.00 for injuries caused through the alleged defective ventilation of appellant's mine. The record, certified by the clerk, shows the filing of the pleadings and orders usual in such cases. Some time after the case had been submitted in this court, and briefs filed, appellee filed a motion to set aside the submission and to correct the record by striking therefrom what purported to be the order filing a demurrer and the submission thereon; the order filing an answer, the answer itself, and the order controverting of record the affirmative allegations of the answer.

The affidavit of the circuit clerk is filed, and he states that the above orders and pleadings were erroneously copied; that his record does not show any such were filed; indeed, the order controverting the affirmative allegations of the answer he says was copied from the record in an entirely different case. It appears from the affidavits that at the time the case was called for trial no answer had been filed. Counsel for appellant insisted, however, that an answer had been filed and he had a carbon copy in his office and time was given for him to go to his office and get this carbon copy which, it appears, he did.

Appellee brought suit against the appellant on a previous occasion, growing out of the accident complained of in the instant case, and this case had been called for trial and evidence introduced when it was dismissed by the plaintiff. The carbon copy of the answer brought to the court was doubtless a copy of the answer filed in the previous case, and it seems that while there is no order filing this answer the court treated it as having been filed. This being true this court will assume that to all intents and purposes the case was tried as if the answer had been filed.

In submitting the case to the jury the court gave four instructions, and it is evident from the wording of the first instruction the court treated this case as one in which the parties had pleaded to an issue. Instructions are required to be based upon the pleadings and the evidence. See Bauer Cooperage Co. v. Shelton, 114 S. W. 257.

In Burchett v. Herald, &c., 98 Ky. 530, the court holds: "The sole question presented by this appeal is whether, on the face of the petition, and on the allegation made as to the damages, the court was authorized to render judgment without evidence either to the court or to a jury for the amount claimed in damages. This question has often been decided by this court in the negative." See Civil Code, sec. 126, subsec. 4.

In tort cases the effect of a failure to answer is an admission of plaintiff's right to recover, but same will not be treated as an admission of the amount of damages, if any, to which the plaintiff is entitled; hence it is necessary to submit the question of the amount of damages to a jury, under proper instructions, and these should limit the recovery to such damages as are claimed or may be justified from the allegations of the petition. In the absence of an answer the court would have instructed the jury as above indicated, but from the instruction given it is manifest the court considered the case as at issue.

Fitzpatrick v. Vincent, 28 Rep. 121, was a suit to enforce a lien retained in a deed, and it appears that no reply was filed to an allegation in the answer that the sale was champertous, but inasmuch as both parties took proof on the issue, without objection, and appeared to have submitted the case on the merits, and there was no motion for a judgment on the pleading, the court says. in substance, that after a judgment on the merits, where the parties treated the issues as made up, it must be presumed that the amended answer was taken as controverted of record, and that the order, by some oversight. was not entered.

Ford Lumber Etc., Co. v. Burt & Brabb Lumber Co., 157 Ky. 706. In an order entered in this case reference is made to a demurrer filed to plaintiff's petition, which was sustained, but the defendant insisted that it filed no demurrer to the petition and, therefore, the judgment was void. In passing on this point the court says:

"We must presume upon this record that the defendant demurred to the petition, but did not file a demurrer

in writing, and that the court acted on the demurrer, overlooking the fact that it had not been reduced to writing and filed. In American Wire Nail Co. v. Bayless, 91 Ky. 103, it was held, that although one of the defendants did not demur and the court, when the case was submitted *sua sponte*, raised a demurrer to the pleading and dismissed it on the ground that it did not state sufficient facts, the judgment was valid and was affirmed.''

Had the clerk dated any of the orders he would doubtless have discovered the incorrectness of the record filed in this court, the erroneous parts of which are now sought to be stricken from the transcript, but this he did not do.

What is said about the answer applies with equal force to the order controverting the affirmative matter of record. The answer in the second paragraph pleads contributory negligence, but instructions tendered by the appellant covering this and other defenses were refused by the court. This was error. If the court considered the answer as filed for one purpose it was filed for all purposes. This being true the court erred in not giving an instruction on contributory negligence to the jury.

The motion of appellee to correct the record is overruled. Upon the return of the case the court will see that an order is entered filing the answer, and likewise the order controverting the affirmative allegations of the same.

Wherefore the judgment is reversed for further proceedings consistent with this opinion.