## Diamond Block Coal Company v. Sparks, et al.

(Decided May 15, 1925.)

### Appeal from Perry Circuit Court.

1. Master and Servant—Finding of Compensation Board on Facts Not Disputed is Finding of Law Reviewable.—Finding of Workmen's Compensation Board on facts not disputed that deceased was employee and not independent contractor is finding of law reviewable by Court of Appeals.

2. Master and Servant—Person Building Footbridge Held Independent Contractor.—One employed to rebuild footbridge according to plans and specifications furnished him by the person desiring the work done, and to whose discretion the time and manner of doing the work and of employing assistants were left held an independent contractor within Workmen's Compensation Act.

BLAKEY, DAVIS & LEWIS and H. F. BOEHL for appellant.

EVERSOLE & CAMPBELL for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Whether or not appellee is entitled to compensation under the Workmen's Compensation Act on account of the death of her husband, H. H. Sparks, depends on whether at the time of his death he was an employee of the appellant herein or doing work for it as an independent contractor. The Workmen's Compensation Board found that he was an employee and awarded compensa-

tion, which award was affirmed on appeal to the circuit court.

There is no dispute concerning the facts, and therefore the question on the facts is one of law, and the finding of the board under such circumstances is a finding of law which may be reviewed by this court. Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S. W. 467; Rusch v. Louisville Water Co., 193 Ky. 698, 237 S. W. 389. The evidence discloses that the appellant was desirous of rebuilding a footbridge across the Kentucky river and entered into an arrangement with Sparks for that purpose. The arrangement was made on behalf of appellant through its general superintendent, Mr. Bowers. By it, Sparks was to reconstruct the bridge out of materials which were then on the ground. Bowers, at the time the arrangement was made, gave Sparks directions as to how he wanted the work done, and while Sparks was doing the work Bowers observed it from time to time to determine that it was being done according to the directions he had given. Sparks was to receive $150.00 for the work, out of which he was to employ his own assistants and pay them. It appears that Sparks at the time he entered into this arrangement did not want to take the job at a flat contract price, as he was inexperienced in estimating jobs, and so it was agreed that the price of the work should be $150.00, but at all events Sparks was to get at least ninety cents an hour for the time used on the job. While the work was going on, Sparks furnished appellant with the time of his assistants whom he employed and directed, and whom he alone had the right to discharge, and appellant permitted these assistants to draw from its commissary merchandise up to the value of the time so turned in, the same being charged against Sparks' compensation under the arrangement. Out of an abundance of caution, appellant required Sparks, as it did all people who did any work for it of any kind or character, to sign the compensation register. Sparks was killed before the bridge was rebuilt, and appellant settled with his widow, the appellee herein, for what Sparks had done, on the basis of paying her ninety cents an hour for the hours her husband had worked. Sparks in doing the work did it on his own initiative. Appellant had no control over the hours he should work, when he should start, or when he should

quit, nor did it have any right or authority to discharge him or call him off the work without cause. Under these facts, we are of opinion that Sparks was an independent contractor and not an employee. In Messmer v. Bell & Coggeshall Co., 133 Ky. 19, 117 S. W. 346, we defined an independent contractor as one who is independent of his employer in the doing of his work and who may work when and how he prefers. In later cases, we said that a contractor who contracts to do a piece of work according to his own ideas or in accordance with plans and specifications previously furnished to him by his employer and who has the right to select and employ his own assistants, the employer having no control over the assistants and no right to direct the manner of doing the work further than to require that it shall be done in compliance with the plans and specifications under which it is contracted to be done, and who is answerable to the employer for the final result of the work only, is an independent contractor. Covington Co. v. Masonic Temple Co., 176 Ky. 729, 197 S. W. 420; D. E. Hewitt Lumber Co. v. Mills, 193 Ky. 443, 236 S. W. 949. In Ballard & Ballard Co. v. Lee's Admr., 131 Ky. 412, 115 S. W. 732, this court said:

"The fact that the person for whom work is being done, or the owner of the property, directs what shall be done, and the kind or quality of material to be used, and exercises a general superintendency over the work to see that it is done properly and according to contract, will not create the relation of master and servant between him and the contractor engaged to do the work or the laborers under the contractor. Or, as said by some of the authorities, if the owner or person having the work done engages a contractor, 'who represents the will of his employer or owner only as to the result of his work, and not as to the means by which it is accomplished,' or if the contractor 'furnishes his own assistants, and executes the work, either entirely according to his own ideas, or in accordance with the plans previously given to him by the person for whom the work is being done, without being subject to the orders of the latter in respect to the details of the work,' the person engaged to do the work will be regarded as an independent contractor."

In Borderland Coal Co. v. Burchett, 193 Ky. 602, 237 S. W. 663, we further said:

> "The rule is, if the contractor furnishes his own assistance, and executes the work either entirely according to his own interests or according to plans previously given him by the person for whom the work is to be done, without being subject to the orders of the latter in respect to the details of the work, the person so engaged will be regarded as an independent contractor, and the laborers he employs will be his servants, and not the servants of the owner of the property.
>
> "This rule is not changed by the fact that, by agreement, the person for whom the work is being done advances to the contractor pay for his employees, and actually pays them, charging the amount paid to the contractor as against the specified contract price."

See also White v. Olive Hill Fire Brick Co., 169 Ky. 834, 185 S. W. 107.

Applying the principles above laid down, it is perfectly plain that appellee's decedent was an independent contractor. He was not subject to discharge without cause by apellant. He had the right to employ his own assistants, to pay them what he pleased, and to direct how and when they should work. He was not required to work any specific number of hours a day or any particular day. The details of his work were left to his discretion and the manner of his payment was not inconsistent with the relationship of independent contractor. He was employed to do a specific piece of work for guaranteed compensation according to plans and specifications furnished him, but how he should do the work, and the assistants he should employ, and when he should do the work, was all left to his discretion. As he was an independent contractor, appellee is not entitled to compensation, and the award of the board affirmed by the circuit court is erroneous. Therefore, the judgment of the lower court must be reversed, with instructions to enter an order directing the board to dismiss appellee's application.

Judgment reversed.