## Golden Ash Coal Company v. Davis.

(Decided May 24, 1927.)

## Appeal from Harlan Circuit Court.

1.  Master and Servant.—The judgment of the board under the Workmen's Compensation Act (Acts 1914, c. 73, as amended) will not be reversed on facts, if there is any evidence to support it.

2.  Master and Servant.—Purpose of the Workmen's Compensation Act (Acts 1914, c. 73, as amended) is to provide speedy settlement of matters relating to injuries to employes.

3.  Master and Servant.—Physicians' testimony that claimant's disability, alleged to be permanent result of injury for which he had been paid compensation, was not due to accident but to degenerative condition, held sufficient to sustain board's finding dismissing the application.

SAMPSON & SAMPSON for appellant.

G. I. RADER and R. L. POPE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

L. M. Davis was in the employment of the Golden Ash Coal Company. Both had accepted the provisions of the Workmen's Compensation Act (Acts 1914, C. 73, as amended). On May 26, 1923, he sustained an injury to his back, the result of a mine car rolling back upon him. Later by an agreement he was allowed $15.00 a week for 18 3/7 weeks. At the end of this time he filed claim against the board for permanent injury, on the ground that it had turned out that his back was so injured as permanently to destroy his capacity for labor. A considerable amount of proof was taken, and on final hearing of the matter the Workmen's Compensation Board rendered this opinion:

> "After a careful reading of this record, the board is of the opinion that the plaintiff has failed to prove that the disability he now complains of is a result of the accident herein set out, and his application will have to be dismissed."

The application having been dismissed, Davis filed an action in the Harlan circuit court to review the action of the board. On the hearing of the action, the circuit court

adjudged the plaintiff entitled to the relief sought. The coal company appeals.

It is the well-settled rule of this court that in cases of this sort the judgment of the board will not be reversed on the facts if there is any evidence to sustain it. It is the purpose of the statute to provide a speedy settlement of these matters. It would entirely defeat the purpose of the statute if the judgment of the board, on the facts, was subject to review in the courts simply on the preponderance of the evidence or because in the judgment of the court the board should have decided otherwise on the facts. So the rule is well settled that the judgment of the board, on the facts, stands, unless there is no evidence to sustain it. Hazard Blue Grass Coal Corporation v. Scott, 206 Ky. 759, 268 S. W. 548; Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S. W. 34; Furnace Coal Mining Co. v. Carroll, 212 Ky. 1, 278 S. W. 171; Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936.

The company introduced on its behalf three physicians to sustain its defense that the plaintiff's condition was not due to his injury. Put in narrative form, Dr. Whitfield said:

> "I made a complete examination of Mr. Davis. We saw a moth-eaten appearance in his hair and went over his reflexes. His knees on motion were fairly sluggish. His ankle reflexes were slightly sluggish. The eyes reacted to light very sluggishly. I tapped his spine. I considered him a positive syphilitic. I gave him six doses of salvarsan, at weekly intervals. He walked better and seemed to be better. On going over him, I concluded that the changes he had were not the result of traumatism. I believe he has some highly degenerative condition."

Another physician, Dr. Howard, introduced by the defendant, who examined Davis with Dr. Whitfield, after telling of the condition they found, says this:

> "We are not able to find any condition that could be attributed to the injury or as a result of the injury."

The plaintiff introduced two or three doctors who testified to the contrary, and showed by other witnesses

that up to the time of the injury he was a healthy man, and that his condition was due to the injury he had received. But it cannot be said that there was no evidence to support the finding of the board. It is not sufficient to say that the finding of the board is palpably against the evidence. The judgment of the board can only be disturbed where there is no evidence to sustain it.

Judgment reversed, and cause remanded, for directions to dismiss the petition.