## Wright, et al. v. Wilkins, et al.

(Decided November 29, 1927.)

### Appeal from Letcher Circuit Court.

Master and Servant.—Person undertaking to deliver logs to sawmill at specified rate per thousand feet, who used his own teams and equipment, hired his own employees, and controlled work of delivering logs, held "independent contractor," not entitled to compensation under Workmen's Compensation Act (Ky. Stats., section 4880 et seq.), as employee, for injuries sustained in repairing partition wall of stable used for housing mules.

MOORE & CHILDERS for appellants.

JOE HALL for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

Appellee, C. F. Wilkins, was awarded compensation in a proceeding before the Compensation Board of Kentucky, upon the finding that he was injured while the employee of appellants, R. B. Wright and B. M. Webb, and in the course of his employment. They prosecuted an appeal from the award of the board to the Letcher circuit court, where the award was affirmed. They prosecute this appeal from that judgment of the Letcher circuit court.

Appellants' assigned reason for reversing the judgment herein is that the record affords no evidence that appellee was injured while engaged in their employment. They insist that when injured he was engaged in labor for himself, prosecuting work in which he was engaged as an independent contractor.

There is no material dispute as to the facts. Appellants appear to have been engaged in operating a sawmill, in furtherance of a contract they had to cut a large boundary of timber and saw it into lumber. Appellee is a skilled sawyer, and had been employed by appellants to file and hammer saws and to operate the saw while the mill was running. Appellants had elected to operate under the protection of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.), and appellee had signed the register. If appellee had been injured while engaged in the service for which he was so employed by appellants, the case would present no difficulty. In addition to this employment, appellants entered into a contract with appellee by which he undertook for them to deliver at the millyard in logs the timber which they were sawing at $6.75 per thousand feet. There is no dispute in the evidence that under this contract appellant used his own logging teams and equipment and employed and directed his own men in the prosecution of the work. It does not appear that appellants reserved any character of supervision or control of the work of delivering the logs to the millyard. In connection with the logging contract, appellee was given permission to use as a stable for his teams an old building that stood near the mill. He agreed to and did make all the necessary repairs to the building so that it could be used for his purpose. While this contract was in force and appellee was actively engaged in the work of delivering the sawlogs to the millyard under it, he discovered one morning, upon going to the building where he stabled his mules, that one of them had torn down a partition wall, and he undertook to repair this damage. While doing so, the head of a nail which he was driving into a piece of timber flew off and struck him in the eye, destroying the sight and inflicting injuries so severe that it became necessary to remove his eye.

In L. & N. Railroad Company v. Newland, 176 Ky. 166, 195 S. W. 415, it was written:

"The rule is that one who contracts to do a specific piece of work, furnishing his own assistants, and executing the work entirely in accordance with his own ideas, or in accordance with a plan previously given to him by the person for whom the work is done, without being subject to the orders of the latter in respect to the details of the work, is

an independent contractor, and not a servant. See v. Leidecker, 152 Ky. 724, 154 S. W. 10. On the other hand, the relation of master and servant exists whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, 'not only what shall be done, but how it shall be done.' Singer Mfg. Co. v. Rahn, 132 U. S. 518 (10 S. Ct. 175) 33 L. Ed. 440; Williams v. National Cash Register Co., 157 Ky. 836, 164 S. W. 112."

In D. E. Hewitt Lumber Company v. Mills, 193 Ky. 443, 236 S. W. 949, the rule was written in other words thus:

"Ordinarily, where one employs another to execute a piece of work and the one so employed has the right to select his own assistants or help, the employer having no control over the hands of the employee, and no right to direct the manner in which the work shall be done further than to require that it shall be done in compliance with the specifications under which it is contracted to be done, the one so contracted with is an independent contractor."

A great many other opinions of this court are cited in the Hewitt Lumber Company opinion, supra, sustaining the rule there announced.

Measured by these tests, it seems impossible to reach any conclusion other than that appellee was injured while engaged in work which he had undertaken as an independent contractor. Repairing the stable in which he kept his mules was, as he testified, as much a part of the work of delivering the logs to the mill as keeping his mules shod or feeding them or keeping his wagons and logging equipment in repair. The difficulty is that, in delivering the logs he was not the employee of appellants. The evidence is in entire harmony that the work of delivering the logs to the millyard was executed by appellee entirely in accordance with his own idea, without being subject to the orders of appellants in respect to the details of the work. Appellants retained no right to direct the manner in which the work should be done. Appellee appears to have had and exercised the right to select and hire his own employees, and they looked to him alone for direction how they should do the

work. When the facts hereof are measured by the tests we uniformly have applied, no other conclusion than that appellee was an independent contractor can be reached. For total failure of proof that appellee's injury was received by him as an employee of appellants, and by accident arising out of and in the course of his employment, it must be held that the Compensation Board erroneously entered the award of compensation herein, and that the Letcher circuit court erroneously affirmed the award.

For the reasons indicated, the judgment is reversed, and cause remanded for other proceedings consistent herewith.