## Glens Falls Insurance Company v. Elliott, et al.

(Decided February 7, 1928.)

### Appeal from Pike Circuit Court.

1. Estoppel.—If one of two innocent parties must suffer from act of agent, principal, whose agent was acting within apparent scope of his authority, should bear the loss, rather than innocent third person who dealt with the agent.

2. Insurance.—When insurance company, by its agent, has in fact misled the insured, company will not be allowed to set up forfeiture of policy against the insured.

3. Insurance.—When insurance company accepts insured's money for premium, knowing of facts which render the policy void, it is estopped to deny that policy has any operative effect.

4. Insurance.—Provision in insurance policy that agent has no authority to waive provisions of policy may itself be waived by person who has authority to issue the policy; such person being a general agent as to the policy.

5. Trial.—Motion for a peremptory instruction raises only question of sufficiency of evidence, unless the attention of the court is called in some way to the condition of the pleading and this question is presented to the court.

6. Appeal and Error.—Where parties at trial treat pleading as controverted, judgment will not be reversed on appeal on account of absence of any record showing pleading was in fact controverted.

7. Appeal and Error.—Absence of surrejoinder to rejoinder, which alleged insured had been guilty of fraud and false swearing in proofs of loss and in pleadings, held not to require reversal of judgment for insured, where pleading was treated as controverted during trial, since under such circumstancs pleading will be so treated on appeal.

8. Insurance.—Provision in fire policy covering lumber, that continuous clear space of not less than 100 feet should be maintained between lumber and sawmill, violated by insured by piling stacks of railroad ties within 70 feet of the mill, was waived by insurance company if its agents accepted risk with knowledge, obtained by inspection of premises, that pile of ties was improperly located in violation of terms of policy, and company under those circumstances accepted premiums.

9. Insurance.—In action on fire policy covering lumber, based on insurer's waiver of requirement that continuous clear space of 100 feet be maintained between lumber and sawmill, issue of waiver held for jury under conflicting evidence as to whether risk was accepted with knowledge of situation.

HITE H. HUFFAKER, J. R. JOHNSON and KIRK, KIRK & WELLS for appellants.

MOORE & CHILDERS and O. A. STUMP for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

W. K. Elliott, etc., a partnership, owned and operated a sawmill and lumber yard in Pike county under the name of the Bent Branch Lumber Company. They took out policies of insurance on the lumber. The lumber burned, and they brought these actions against the insurance companies on the policies. The companies defended the actions on the ground that it was a condition of the insurance that a continuous clear space of not less than 100 feet or 200 feet should at all times be maintained between the lumber and the mill. On the trial, it appeared that six or seven thousand feet of green stuff, consisting of railroad ties and the like, were piled within about 70 feet of the mill at the time of the fire. Appellees insisted that this pile of ties, etc., was properly there under a clause in the policies, in substance as follows:

"This shall not be construed to prohibit loading or unloading within or the transportation of timber products across such clear space."

On a trial of the case in the circuit court, plaintiffs recovered. On appeal to this court, the judgment was reversed, the court holding the pile of green lumber a violation of the condition of the contract. Concluding its opinion, the court said:

"No question of waiver or estoppel being presented, it follows that appellants were each entitled to a peremptory instruction." Glens Falls Insurance Co. v. W. K. Elliott, 218 Ky. 327, 291 S. W. 705.

On the return of the cases to the circuit court, the plaintiffs filed an amended reply and also an amended petition, pleading that the companies, by their agents, came upon the premises and saw how the business was

done, saw the pile of ties, and issued the policies with full notice that the pile of ties was maintained as it was, and with like knowledge afterwards collected the premium on the policies with full notice of all the facts, and so waived this provision of the policies; the cases were tried again; the jury found for the plaintiffs; the defendants appeal.

The proof for the plaintiffs shows that the agents of all four companies came to the mill. They took a tape line and measured from the mill to the stacks of lumber. They found one stack a little within a hundred feet. They directed this to be set back, and this was done. They passed right by the pile of ties and made no objection to it. One of them objected to the hood around the smoke-stack, and this was fixed as directed by him. They accepted the risk when these changes were made. The business was afterwards carried on just as it was then. The premium was collected some time later. These were not mere soliciting agents. They were resident agents, who issued the policies, collected the premiums, and were the only representatives of the company that the insurer knew anything about. The testimony of the agents contradicted in some respects the testimony for the plaintiffs, but on the whole case the weight of the evidence is with the plaintiffs. The chief ground for reversal relied on is that a peremptory instruction should have been given the jury to find for the defendants. In 32 C. J. p. 1343, sec. 618, the rule is thus stated:

"The issuance of the policy by the company is, according to the generally accepted rule, a waiver of a known ground of invalidity, and equivalent to an assertion that the policy is valid at the time, although the facts known to the company would, under the express terms of the agreement, render it void or voidable, at least where the acts of insured are not fraudulent or insured does not know that the agent has exceeded his authority."

To same effect, see 14 R. C. L. pp. 1155-1158.

A number of Kentucky cases are cited in the notes which fully sustain the texts, and, although there is some conflict of authority on the subject, the weight of authority is with the Kentucky rule. If one of two innocent parties must suffer, the principal, whose agent was act-

ing within the apparent scope of his authority, should bear the loss rather than an innocent third person who dealt with the agent as the representative of the principal. This is peculiarly true of insurance matters, for the reason that they involve technical terms, and the average insured knows very little about the requirements of the insurance business. Where the insurance company by its agent has in fact misled the insured, the company will not be allowed to set up a forfeiture against one whom their conduct has misled. National, etc., Ass'n v. Jones, 84 Ky. 110. In Phoenix Ins. Co. v. Spiers & Thomas, 87 Ky. 297, 8 S. W. 458, 10 Ky. Law Rep. 254, the court holding the insurance company liable found on facts no stronger than those here said:

> "The tendency of recent decisions, and we think properly, is to hold the insurer bound by the acts and conduct of the local agent whenever it can be done consistently with the rules of law.
>
> "As to third parties, the agent should, in the absence of notice to the contrary, be regarded as possessing all the powers his occupation fairly imports to the public."

It is a just rule that the insurance company, when it accepts the insured's money for the premium, knows the facts rendering the policy void, the company so taking the money of the insured is estopped to say that the policy had no operation at all. London, etc., Ins. Co. v. Gerteisen, 106 Ky. 815, 51 S. W. 617, 21 Ky. Law Rep. 471; Queen Ins. Co. v. Kline (Ky.) 32 S. W. 214, 17 Ky. Law Rep. 619; Continental Ins. Co. v. Thomasson (Ky.) 84 S. W. 546, 27 Ky. Law Rep. 158.

It is earnestly insisted that it is provided in each of the policies that no agent had authority to waive its provisions. But this provision of the policy, like any other provision may be waived by the person who had the authority to issue the policy. The agent issuing the policy is as to it a general agent. Hartford, etc., Ins. Co. v. Hayden, 90 Ky. 39, 13 S. W. 858, 11 Ky. Law Rep. 993; 32 C. J. p. 1065, sec. 142.

It is also earnestly insisted for appellants that the judgment should be reversed for this reason: In their rejoinder to the amended reply, the defendants alleged that the plaintiffs had been guilty of fraud and false swearing in their proofs of loss and in their pleadings

in the action. No surrejoinder was filed. There are several orders taking other pleadings as controverted, but there is in the record no order taking this rejoinder as controverted. The defendants insist that their motion for a peremptory instruction should have been sustained for this reason. But a motion for a peremptory instruction does not raise the question of the sufficiency of the evidence, where the attention of the court is not called in some way to the condition of the pleading and this question is not presented to the court. During the examination of the witnesses, the plaintiffs were questioned at length on the matters relied on as being false; the pleading and other papers were read to the jury, and at the conclusion of the trial, the defendants asked the court to instruct the jury to find for the defendants if they believed that the plaintiffs had been guilty of any fraud or false swearing in these matters. The court gave the instruction as asked by them; the court and the parties at that time evidently understanding that the pleading above referred to was controverted. The rule is settled that, where the parties on the trial treat a pleading as controverted, the judgment will not be reversed here; for it is a wise rule that all these objections should be made first in the circuit court. It is evident that this objection is first made here, and that either the defendants' attorneys did not know the facts when the trial was going on, or concealed them from the court and treated the pleading as controverted. The pleading, having been treated as controverted during the long trial, cannot be treated otherwise here. Fitzpatrick v. Vincent (Ky.) 88 S. W. 1073, 28 Ky. Law Rep. 121; Carter Coal Co. v. Bays, 183 Ky. 29, 208 S. W. 1.

The demurrer to the amended reply was properly overruled, for, if the facts alleged were true, the defendants could not, for the reasons above stated, maintain the defence that the clear space clause had been violated. While the evidence is conflicting, the verdict of the jury is not palpably against the evidence. The instructions fairly submitted the real issue in the case to the jury, and on the whole case the court finds no substantial error in the record to the prejudice of the defendants' substantial rights.

Judgment affirmed.