## Raponi v. Consolidation Coal Company.

(Decided April 24, 1928.)

### Appeal from Letcher Circuit Court.

1. Master and Servant.—An award by the Workmen's Compensation Board on facts not disputed is a finding of law, and as such may be reviewable by the Court of Appeals.
2. Master and Servant.—Persons contracting with coal company to excavate slate dump, company agreeing to pay them so much per cubic yard, and reserving no character of control over their method of work or the employment or discharge of men, held to be independent contractor, and laborers hired by them were employees of independent contractors and not of coal company, and fact that independent contractors and their employees signed compensation register of coal company and were paid by it for their

services is not sufficient to establish that they were employees of company.

JAMES & HOBSON and S. E BEVINS for appellant.

A. J. KIRK, EDWARD C. O'REAR and ALLEN PREWITT for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

In an application by appellant, Luigui Raponi, before the Kentucky Workmen's Compensation Board, he was awarded compensation against appellee, the Consolidation Coal Company, upon a finding by the board that he was injured in the course of his employment from that company. Appellee filed a petition for review in the Letcher circuit court, where the award of the Compensation Board was reversed, it being there held that he was not the employee of appellee at the time he was injured. He prosecutes this appeal from that judgment.

There is no dispute as to the facts, and on these undisputed facts there is presented the question of law whether appellant was the employee of appellee. The board's award under the facts of this case was a finding of law, and as such may be reviewed by this court. See Diamond Block Coal Co. v. Sparks, 209 Ky. 73, 272 S. W. 31; Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S. W. 467; Rusch v. Louisville Water Co., 193 Ky. 698, 237 S. W. 389.

The undisputed facts are that appellee, the Consolidation Coal Company, contracted with Charlie Voci and Sam Clarke to excavate a slate dump, agreeing to pay them for so doing so much per cubic yard for the material excavated. Voci and Clarke hired their laborors; and appellee reserved no character of control over their method of doing the work, and had no authority either to employ or discharge the men who performed the labor incident to excavating the slate dump. Appellee had only the right to require that the excavation be of the specified dimensions.

The rule for determining when one is an independent contractor rather than an employee was written and authorities sustaining it cited in this court's recent opinion in Wright et al. v. Wilkins, 222 Ky. 144, 300 S. W. 342. Measured by the rule there declared there can be no question from the undisputed testimony on file herein that Voci and Clarke were independent contractors and

that the laborers who performed the labor which they contracted to do were their employees and not the employees of the Consolidation Coal Company that let to them the contract for this work.

The fact that Voci and Clarke and their employees signed the compensation register of appellee coal company, and the fact that they were paid by it for their services, the amount paid being charged to Voci and Clarke under the contract, is not controlling or sufficient to establish that they were employees of appellee. That such facts play no controlling part in controversies such as here presented was fully considered by this court in Diamond Block Coal Co. v. Sparks, 209 Ky 73, 272 S. W. 31. So far as is applicable to the principles of law here involved, the facts of that case are not to be distinguished from the facts of the case now before us. Everything said of the situation there presented to the court might with equal propriety be said of the question presented by this appeal, and what was said there need not be repeated here.

This work was not within the mines of appellee, and does not fall within the provisions of our legislative enactments on the subject of mines and mining, under which, regardless of the contract, those engaged in mining are to be held to be the employees of the mining company. Hence what was said in Harlan Gas Coal Co. v. Barnett, 203 Ky. 158, 261 S. W. 1113, and the other opinions of this court therein cited, is not authority on the question now presented.

The undisputed facts hereof establish that when he was injured appellant, Raponi, was the employee of Charlie Voci and Sam Clarke, engaged in their employment, and was not the employee of appellee, the Consolidation Coal Company. Hence there is no alternative but to hold that the board erred in awarding him compensation against appellee company, and that the circuit court on the petition for review properly so held.

For the reasons herein indicated, and for the reasons more at length set out in Diamond Block Coal Company v. Sparks, supra, the judgment herein will be affirmed.

Judgment affirmed.