## Maggard v. Louisville Cooperage Company.

(Decided December 6, 1929.)

STEPHEN COMBS, JR., for appellant.

D. I. DAY and B. P. WOOTTON for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

Appellant brought this suit against the appellee to recover, first, for work and labor which he alleged he had done for the appellee at its special instance and request; secondly, to recover for certain goods, wares, and merchandise which he alleged he had sold third parties at the appellee's special instance and request, and for which appellee agreed to pay; and, thirdly, to recover on certain checks issued to third parties by appellee's alleged agent for the appellee and indorsed over to appellant by the payees for a valuable consideration and the payment of which had been later refused by the bank. The defense of the appellee was that the work and labor done by appellant was not for the account of this appellee, but was done at the special instance and request and on the credit of an independent contractor of the appellee, that the checks in question were the individual checks of this independent contractor, for which the appellee was in no wise responsible, and that the goods, wares, and merchandise sold had been sold to third parties for this independent contractor and on his account and credit solely. A reply put in issue the fact that the party which the appellee claimed was the independent contractor was such, and asserted that he was the agent of the appellee. It further alleged that, in the selection of this party, J. D. Reynolds, as an independent contractor, if he was such, the appellee had negligently and carelessly selected an unsuitable party for the work, and that thereafter it had so interfered in the control and management of the work as that it had destroyed the relationship of in-

dependent contractor and re-established that of principal and agent. No rejoinder was filed to this reply, nor was it controverted of record, but the parties went to trial treating all the affirmative matters in the various pleadings as at issue. The court at the close of the evidence on both sides peremptorily instructed the jury to find for the appellee, and, from the judgment entered on that verdict, this appeal is prosecuted.

There is no evidence that the appellee negligently or carelessly selected an unsuitable person when they selected Reynolds to take charge of its work out of which this suit arises, nor is there any evidence to show that it so interfered with his control of the work thereafter as to destroy the relationship of independent contractor, if that was the relationship existing at the outset between the parties, and to that question we will now address ourselves. The evidence shows that the appellee owned a tract of timber in Letcher county and a sawmill in Knott county; that it entered into an agreement with Reynolds to move at its expense the sawmill over into Letcher county and onto the land where its timber was; there Reynolds was to cut and saw the timber off this tract, and the appellee agreed to pay him so much a thousand for the cutting and sawing. Appellee had no control over the hours Reynolds or his workmen should labor, when they should start, or when they should quit, nor did it have any right or authority to discharge him or any of his workmen or to call him or his workmen off the work without cause. It is true that it was shown that on one occasion an agent of the appellee did recommend a certain party for employment, but this amounted to no more than a recommendation. It is also true that it was shown that this same agent of the appellee did warn Reynolds that one of his employees was a trouble maker, and that, acting on this advice, Reynolds discharged him. But Reynolds did this on his own initiative and not because he was compelled to do so by the appellee.

The evidence fails to show that appellee had any control of the work other than to see that it was done in accordance with the agreement entered into between it and Reynolds. At certain stated intervals Reynolds would make out a complete pay roll, which he would send to the office of the appellee in Louisville, Ky. It would then send its check for the amount of the pay roll payable to Reynolds, and he would deposit that check and pay from the deposit thus created his obligations to the

laborers and others. The amount of the check sent by appellee to Reynolds was charged against the amount that Reynolds had earned because of the cutting and sawing of the timber. The appellee supplied printed blanks to Reynolds for the purpose of making out his pay roll. Its name was printed at the top of the blank, and at the bottom there was printed the word ''Foreman'' under the line for the signature. It is shown without dispute, however, that this blank was simply furnished for convenience, and, although when Reynolds signed it the word ''Foreman'' followed his signature, in fact he was not a foreman. It was also shown that all of the employees of Reynolds as well as Reynolds himself were required to sign the workmen's compensation register of the appellee, and that the appellee carried compensation insurance on all these people. But, as pointed out in Raponi v. Consolidation Coal Co., 224 Ky. 167, 5 S. W. (2d) 1043, since this was done by the appellee as a matter of precaution, it played no controlling part in this controversy, and was not sufficient to establish that Reynolds or his workmen were employees of the appellee. Under the facts as above stated, the court correctly held that Reynolds was an independent contractor. Diamond Block Coal Co. v. Sparks, 209 Ky. 73, 272 S. W. 31, and cases therein cited.

The cases of Interstate Coal Co. v. Trivett, 155 Ky. 795, 160 S. W. 731, and Employers' Indemnity Co. of Philadelphia v. Kelly Coal Co., 156 Ky. 74, 160 S. W. 914, 49 L. R. A. (N. S.) 850, relied upon by the appellant are clearly distinguishable on their facts. In the Interstate case, the only fact relied upon to establish that the claimed employee was an independent contractor was the method of payment. The opinion says that in all other respects he was like any other miner or servant, which means that the employer had complete control over him, his method of work, when and where he should labor, how he should work, and could discharge him at will. The same is true of the facts in the Kelly Coal Co. case. But, as we have seen, such is not the state of case presented by this record.

However, it is earnestly argued that, as appellee failed to traverse appellant's reply, its affirmative matter stood confessed, and hence appellee was not entitled to the peremptory instruction given. As stated, although no rejoinder was filed to his reply and although its allegations were not controverted of record, the parties

treated these allegations as at issue. In Glens Falls Ins. Co. v. Elliott, 223 Ky. 205, 3 S. W. (2d) 219, 221, speaking to a like contention as is here made by appellant, we said: ''The rule is settled that, where the parties on the trial treat a pleading as controverted, the judgment will not be reversed here; for it is a wise rule that all these objections should be made first in the circuit court. It is evident that this objection is first made here, and that either the defendants' attorney did not know the facts when the trial was going on, or concealed them from the court and treated the pleading as controverted. The pleading, having been treated as controverted during the long trial, cannot be treated otherwise here. Fitzpatrick v. Vincent (Ky.) 88 S. W. 1073, 28 Ky. Law Rep. 121; Carter Coal Co. v. Bays, 183 Ky. 29, 208 S. W. 1.''

This case is conclusive of appellant's contention in this regard. No error appearing prejudicial to appellant's substantial rights, the judgment is affirmed.