## Vires v. Dawkins Log & Mill Company et al.

(Decided May 19, 1931.)

(As Modified on Denial of Rehearing November 10, 1931.)

KASH C. WILLIAMS for appellant.

DYSARD & TINSLEY for appellees.

Opinion of the Court by Judge Willis—Affirming.

Arch Vires made application to the Workmen's Compensation Board for adjustment of a compensation claim under the Workmen's Compensation Law (Ky. Stats., c. 137, secs. 4880-4987). The basis of the claim was dependency upon Chester Vires, son of the claimant, who had been killed while working for Fugate Bros., a partnership composed of Rufus Fugate and Lewis Fugate. The application for adjustment of compensation was not made against the partnership that had employed applicant's deceased son, but against the Dawkins Log & Mill Company and Rufus Fugate, individually.

The board dismissed the claim against the Dawkins Log & Mill Company upon the ground that Fugate Bros. were independent contractors. A petition for review was filed in the circuit court against the Dawkins Log & Mill Company, Fugate Bros., as a firm, and the individual members of the Workmen's Compensation Board. It will be noted that the firm of Fugate Bros. was not a party to the proceeding before the board, and the judgment

did not determine the rights of Vires, if any he had, against the partnership.

The circuit court affirmed the action of the Workmen's Compensation Board, and Vires has prosecuted the present appeal.

Fugate Bros., had a written contract with the Dawkins Log & Mill Company, by the terms of which they agreed to cut, haul, skid, and deliver all of the merchantable timber on a tract of land in Breathitt county, Ky. It is tacitly conceded that Fugate Bros. were independent contractors, and the evidence in that respect was uncontradicted. The finding of the board to that effect was supported by evidence, and, in that situation, the result reached by the board is conclusive upon the courts. Black Mountain Corp. v. Murphy, 218 Ky. 40, 290 S. W. 1036; Wallins Creek Collieries Co. v. Cole, 218 Ky. 116, 290 S. W. 1049; King Harlan Coal Co. v. Helton, 219 Ky. 546, 293 S. W. 1056; Golden Ash Coal Co. v. Davis, 220 Ky. 224, 294 S. W. 1029; Broughton's Adm'r v. Congleton Lumber Co., 235 Ky. 534, 31 S. W. (2d) 903. The contract reserved no control whatever over the work, or the employment or discharge of the hands, or otherwise, and in the actual conduct of the business no direction or control was exercised, except to see that the contract was carried out according to its terms. It is settled that the principal is not liable under the Workmen's Compensation Law for compensation to the servants of an independent contractor. Employers' Liability Association Corp. v. Hereford, 209 Ky. 188, 272 S. W. 380; Wright v. Wilkins, 222 Ky. 144, 300 S. W. 342; Buckhorn Coal & Lumber Co. v. Georgia Casualty Co., 222 Ky. 683, 2 S. W. (2d) 383; Raponi v. Consolidation Coal Co., 224 Ky. 167, 5 S. W. (2d) 1043. Independent contractors are not covered by the Workmen's Compensation Acts generally, and they cannot claim its benefits against their principals. An independent contractor is one who is independent of his employer in the execution of his work, and may labor at the times and in the manner he prefers, and may employ and discharge workmen in his discretion. Wright v. Wilkins, 222 Ky. 144, 300 S. W. 342; Messmer v. Bell & Coggeshall Co., 133 Ky. 19, 117 S. W. 346, 19 Ann. Cas. 1; Maggard v. Louisville Cooperage Co., 232 Ky. 20, 22 S. W. (2d) 279. But it is insisted that a provision of the written contract between Fugate Bros. and the Dawkins Log & Mill Company worked a change in the conventional

relation of the parties. By that section of the contract Fugate Bros. agreed:

"To carry compensation for all employees and to be responsible to them for same. To furnish the Workmen's Compensation Board of the State proof of ability to pay compensation by insuring in some recognized, reliable insurance company or failing in this to permit second party to arrange for this and to deduct for any amount due under this agreement seven and one-half (7½) per cent of amount due all labor. To have all employees to sign regular compensation cards to be furnished by second party. To furnish second party as demanded full and complete list of all employees and their rates, together with complete information of all accidents and any information desired pertaining to same."

The second party mentioned in the contract was the Dawkins Log & Mill Company.

The Dawkins Log & Mill Company exacted a covenant on the part of the partnership to carry compensation for all the employees of the latter, to be responsible to them for injury according to the Workmen's Compensation Law, and to furnish the Workmen's Compensation Board proof of their ability to pay compensation by insuring the risk with a responsible insurance carrier. It is argued that Fugate Bros. had an alternative option by which they could permit the Dawkins Log & Mill Company to arrange for the compensation insurance and deduct from any amount due the partnership a certain percentage of the pay roll. It is said then that such provision amounted to an agreement to carry the risk for the partnership. It appeared in evidence that the percentage of the pay roll specified in the contract had been deducted by the Dawkins Log & Mill Company. The contention of the appellant is that the Dawkins Log & Mill Company by the contract agreed to assume liability for compensation to employees of Fugate Bros., and in effect became the insurance carrier for them. The argument rests upon a strained construction of the contract which its terms do not authorize. The section of the contract we have quoted imposed upon the firm of Fugate Bros. the obligation to carry compensation insurance for the protection of their employees in the event of an injury to any of them.

The provision which authorized the deduction of a portion of the pay roll was a means of paying the premiums due the insurance carrier, and it did not constitute the Dawkins Log & Mill Company the insurance carrier. It merely constituted that company the agent of Fugate Bros. to obtain the insurance protection and to pay the premiums to the insurance carrier, if the firm failed to do so. It is to be presumed, in the absence of evidence to the contrary, that the money deducted from the pay roll was used to pay the premiums due an insurance carrier. If the Dawkins Log & Mill Company failed to obtain the insurance, or to pay therefor, and Fugate Bros. or their servants suffered a loss by reason thereof, they might have a cause of action against the company. But no such case is presented, and could not, in any event, be determined by the Workmen's Compensation Board. All that appears is the contract itself and testimony that the deductions from the pay roll were made, as authorized by the contract. But the contract is not susceptible to the construction that the Dawkins Log & Mill Company was to be responsible in any event as an insurance carrier for Fugate Bros. The contract contemplated coverage of the risk by a recognized, reliable, and authorized insurance company at the expense of Fugate Bros.

The Workmen's Compensation Law requires all employers under the act to be insured in companies qualified according to the provisions of the act itself. Sections 4946, 4947, 4950, 4951, 4952, 4953, 4954 and 4955, Ky. Stats. It does not appear that the Dawkins Log & Mill Company was authorized or qualified to act as an insurance carrier under the law, even if it had attempted or assumed to do so. It was not impleaded in any such capacity. The application to the board proceeded upon the direct allegation that the Dawkins Company was the employer of Chester Vires, the workman who was killed, when in fact he was employed by the independent contractor. The appellant relies upon the case of Ramey et al. v. Broady, 209 Ky. 279, 272 S. W. 740. In that case the employer had made application for complete coverage to an authorized insurance carrier, and had conformed to all of its requirements, as well as the requirements of the law respecting the matter involved. The insurance carrier had neglected to perform some duties requested of it, and which it had agreed to assume. In an action against the employer and insurance carrier by

a party injured, it was held that the insurance carrier was estopped by its own conduct to interpose certain defenses to defeat compensation. This case presents no fact and possesses no feature to bring it within the reasoning or the result of that case. The Dawkins Log & Mill Company by the contract did not undertake to do anything more than to secure insurance for the firm and to withhold a percentage of the pay roll for the purpose of paying the premium to the insurance carrier. It did not itself assume liability as an insurance carrier and did not attempt to deny its true relation to the situation, or to defeat a legal liability by pleading its own neglect of duty. This was not a proceeding against Fugate Bros. and/or the insurance carrier, and nothing was determined by the action of the board, except that the Dawkins Log & Mill Company was not liable upon the contract with Fugate Bros. for compensation by reason of an injury to a servant of the independent contractor.

The case is not affected by the fact that the employees of Fugate Bros. signed cards accepting the act on forms furnished Fugate Bros. by the Dawkins Log & Mill Company. It appears that the cards were corrected by canceling the name of the corporation and inserting the name of the firm. But, even if that had not been done, the circumstance was not controlling. Raponi v. Consolidation Coal Co., 224 Ky. 167, 5 S. W. (2d) 1043; Diamond Block Coal Co. v. Sparks, 209 Ky. 73, 272 S. W. 31; Maggard v. Louisville Cooperage Co., 232 Ky. 20, 22 S. W. (2d) 279.

Clearly the Workmen's Compensation Board and the circuit court were correct in ruling that the Dawkins Log & Mill Company was not liable under the Workmen's Compensation Act for an injury to an employee of Fugate Bros., who were independent contractors.

The judgment is affirmed.